UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

ABIODUN S. BASHORUN, a/k/a Saheed
Bashorun, a/k/a Bobby Bash, a/k/a
Bobby Saheed, a/k/a Baba Gori,
Defendant-Appellant.

No. 98-4576

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CR-96-177-CCB)

Submitted: July 27, 1999

Decided: August 19, 1999

Before WIDENER, WILKINS, and MOTZ,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Arthur S. Cheslock, Baltimore, Maryland, for Appellant. Lynne A.
Battaglia, United States Attorney, Barbara S. Sale, Assistant United
States Attorney, Andrew G.W. Norman, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Abiodun Bashorun appeals his conviction for conspiracy to launder monetary instruments, laundering monetary instruments in interstate commerce, and aiding and abetting in violation of 18 U.S.C. §§ 2, 1956(a)(1)(B)(1), 1956(h) (1994). We affirm.

Bashorun first claims that the district court erred in denying his motion to suppress evidence seized from his home because the affidavit submitted with the search warrant application was insufficient to establish probable cause. We review de novo the legal question of whether a search warrant and its supporting affidavit are legally sufficient and accord substantial deference to a neutral and detached judge's finding of probable cause. See United States v. Oloyede, 982 F.2d 133, 138 (4th Cir. 1992). We must simply ensure that the judge had a substantial basis for concluding that probable cause existed. See Illinois v. Gates, 462 U.S. 213, 238 (1983).

We find that the description of the money laundering operation being investigated and Bashorun's connection to that operation set forth in the warrant application supports the magistrate judge's finding that there was probable cause to search Bashorun's house. The affidavit cites specific acts tying Bashorun to an international money laundering scheme being investigated by federal agents. Moreover, the thirty-eight page affidavit was prepared by a government agent with significant experience investigating money laundering offenses and extensive knowledge of how Nigerian criminal organizations generally conduct money laundering schemes. The belief of the federal agents and the information provided by the sources named in the indictment provided a sufficient guarantee of trustworthiness as to the information in the affidavit that provided the basis for the magistrate judge's determination that there was a fair probability that evidence of the scheme would be found in Bashorun's house.

2

We also reject Bashorun's claims that information provided in support of the warrant was stale and that the affidavit failed to establish a nexus between the alleged criminal activity and his house. We find that there was a sufficient connection between the criminal activity and Bashorun's residence because it was reasonable to believe that the instrumentalities of the criminal activity--in this instance, bank statements and other records of financial transactions--would be stored in the residence. See United States v. Anderson, 851 F.2d 727, 729 (4th Cir. 1988). The affidavit described an on-going criminal enterprise and the papers and records targeted by the search were not likely to have been destroyed, thereby eviscerating any potential staleness problem. See United States v. McCall, 740 F.2d 1331, 1335-36 (4th Cir. 1984). Finally, Bashorun's claim that the warrant was overbroad is without merit. The paper records and electronically stored information listed in the warrant are likely to be stored in a person's home and are exactly the type of evidence necessary to prove that an individual has committed a money laundering offense. Thus, the warrant provided ascertainable guidelines for the executing officers and was not overly broad.

Bashorun next asserts that the district court erred in allowing Matthew Kalowole to testify that he transported heroin for Bashorun from 1990 through 1992. Bashorun claims that the district court erred in admitting the testimony because the drug activity occurred prior to the time frame of the charged conspiracy and was not relevant to the charges for which he was on trial. We review a district court's evidentiary rulings for an abuse of discretion. See United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993). We find that the challenged evidence was admissible to complete the bigger picture of Bashorun's money laundering activities. The indictment charged Bashorun with laundering the proceeds of unlawful activities, including narcotics trafficking. At issue, therefore, was whether Bashorun knew the origin of the money that he wired to coconspirators during the course of the conspiracy. Although the heroin smuggling that Kalowole testified about ceased two months prior to the dates of the charged conspiracy, this evidence of Bashorun's involvement in the heroin trade was relevant to his knowledge that the money being laundered by the conspiracy was derived from illegal activities. Accordingly, the evidence of Bashorun's drug activity was admissible to show the larger context of his crimes and was not other crimes evidence under Fed.

3

R. Evid. 404(b). See United States v. Kennedy , 32 F.3d 876, 885 (4th Cir. 1994) (holding evidence of uncharged conduct is not considered other crimes evidence if it "`arose out of the same . . . series of transactions as the charged offense, . . . or if it is necessary to complete the story of the crime (on) trial'"). Therefore, the district court did not abuse its discretion in admitting the evidence.

Bashorun also claims that the district court erred in admitting testimony from Kalowole that Bashorun came to his apartment with a gun threatening to kill Kalowole's brother-in-law and that the government elicited the testimony in violation of the requirement that it provide notice of its intent to introduce evidence of "other crimes." Because Bashorun did not object to this testimony, our review is for plain error only. See United States v. Olano, 507 U.S. 725, 732 (1993). Plain error requires an error that is clear or obvious, that affects substantial rights, i.e., is prejudicial to the defendant, and that seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. Initially, the record reflects that the testimony was not offered in response to a direct question by the government, and the government did not anticipate it. Under such circumstances, the government was not required by Fed. R. Evid. 404(b) to provide Bashorun with notice that it intended to introduce the evidence. Moreover, we find that because the testimony was unexpected, brief, and the district court gave a curative instruction to the jury about the testimony, the admission of the testimony did not amount to plain error.

We reject Bashorun's assertion that the district court abused its discretion in admitting Christopher Omotunde's testimony that coconspirator Rilawan Allison told him that the money Omotunde was receiving from coconspirators in Chicago was drug money. We find that the statement was clearly made in furtherance of the charged conspiracy and thus was admissible under Fed. R. Evid. 801(d)(2)(E).

Bashorun's final claim is that the district court should have declared a mistrial because the government repeatedly elicited from witnesses that non-testifying coconspirators and other individuals associated with unindicted coconspirators had been convicted. This court reviews a district court's refusal to declare a mistrial for an abuse of discretion. See Kennedy, 32 F.3d at 885. Bashorun is correct that evidence of non-testifying co-defendants and coconspirators'

4

convictions should not have been put before the jury because such evidence raises the possibility that the jury might convict the defendant based upon the disposition of the charges of co-defendants rather than upon an individual assessment of the defendant's personal culpability. See United States v. Blevins, 960 F.2d 1252, 1260-61 (4th Cir. 1992); see also Delaware v. Van Arsdall, 475 U.S. 673, 681 (1986). Initially, we note that Bashorun failed to timely object to most of the evidence upon which he moved for a mistrial.* See generally United States v. Johnson, 26 F.3d 669, 677 (7th Cir. 1994) (emphasizing requirement of timely objections to references to non-testifying coconspirator's conviction). Despite Bashorun's failure to lodge timely objections, the district court took it upon itself to caution the government to limit the introduction of this evidence and issued two well-stated instructions to the jury in an attempt to cure any prejudice. In addition, during the month-long trial the jury properly heard that numerous other testifying co-defendants had been convicted of various offenses. Under these circumstances, we cannot say that the district court abused its discretion in denying Bashorun's request for a mistrial.

We therefore affirm Bashorun's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____
*Bashorun's only objection came at the time he moved for a mistrial.